UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| LESLIE DEWAYNE ALLEN ) | |
| ) | No. 1:06-cr-107/1:11-cv-378 |
| v. ) | *Judge Mattice* |
| ) | |
| UNITED STATES OF AMERICA ) | |

## **MEMORANDUM**

Leslie Dewayne Allen ("Allen"), a federal inmate, by and through counsel, has filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court Doc. 128).[1] After conviction by a jury of conspiracy to distribute 5 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B) (Count One), possession and distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two), use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 3559(c) (Count Three), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Four), and after admitting the truth of several prior conviction enhancement allegations during his judgment proceeding, Allen was sentenced to concurrent terms of 360 months imprisonment on Counts One, Two, and Four (at the bottom of the applicable Guidelines range), followed by life imprisonment on Count Three, pursuant to 18 U.S.C. § 3559(c).

Allen pursued a direct appeal and, by opinion filed August 13, 2010, the United States Court of Appeal for the Sixth Circuit affirmed the judgment (Criminal Doc. 122).

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

The Supreme Court of the United States denied Allen's petition for a writ of certiorari on December 13, 2010 (Criminal Doc. 126), and counsel filed this § 2255 motion on Allen's behalf on December 15, 2011 (Criminal Court Doc. 128). The Court directed the government to file an answer in this matter (Criminal Court Doc. 132). In its response, the government notes that Allen's § 2255 motion was filed outside the one-year statute of limitations and – in a footnote – argued the motion should be time-barred. In addition, the government has responded to each of Allen's claims on the merits.[2]

For the reasons explained below, the Court concludes Allen's § 2255 motion should be **DENIED** as time-barred; this action will accordingly be **DISMISSED WITH PREJUDICE** in its entirety (Criminal Court Doc. 128).

I.  **Timeliness**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to the filing of a § 2255 motion. *See* 28 U.S.C. § 2255. Title 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of–

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by

---

2 The Court specifically notes that the Government's Response to Allen's Motion included a detailed discussion of Allen's argument that his counsel rendered ineffective assistance of counsel by failing to object to the Government's notice of intent to enhance his sentence pursuant to 18 U.S.C. § 3559(c). (Doc. 141 at 7-15). Although it submits that Allen's sentencing counsel was not ineffective based on this failure, the Government notes that, in the event that the Court were to determine that Allen's § 2255 was not time-barred and that he is entitled to relief, "the United States would not oppose modification of petitioner's sentence to eliminate the enhancement[.]" (*Id.*). The Government's lack of opposition to Allen's argument that he should not have received an enhanced sentence under § 3559(c) is, however, moot in light of this Order, in which the Court will find that Allen's § 2255 Motion was untimely under the AEDPA's one-year statute of limitations. Stated another way, the Court will never have occasion to consider merits of Allen's claim (or the Government's positions regarding the merits of those claims) as Allen's Motion will be denied on procedural grounds as time-barred.

2

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<p style="text-indent:-2em;padding-left:2em;">governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;</p>

A conviction generally becomes final for purposes of collateral review at the conclusion of direct review. *Johnson v. United States,* 246 F.3d 655, 657 (6th Cir. 2001). When a criminal defendant pursues a "direct appeal through to a petition for certiorari in the Supreme Court, direct review is concluded when the Supreme Court either denies the petition or decides the case." *United States v. Cottage,* 307 F.3d 494, 498 (6th Cir. 2002); 28 U.S.C. § 2255(f)(1).

Here, Allen was sentenced on November 3, 2008 (Criminal Court Doc. 107). He pursued a direct appeal, and his judgment of conviction ultimately became final on December 13, 2010, when the Supreme Court denied certiorari. The statute of limitations in Allen's case began to run on December 14, 2010, and expired on December 13, 2011; thus, Allen was required to file his § 2255 motion no later than December 13, 2011.[3] However, Allen's counsel did not file the instant Motion with the Court until December 15, 2011.[4] Allen's § 2255 motion is accordingly time-barred, as it

---

[3] Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the day of the event that triggers the period is excluded and the last day of the period is included. Therefore, the day the Supreme Court denied certiorari is excluded and the one-year statute of limitations began to run on December 14, 2010, and day 365 ended at the end of the day on December 13, 2011.

[4] In his reply, Allen's counsel argues that the prison mailbox rule – which provides that a prisoner's motion is deemed filed when given to prison authorities for mailing – should apply to his filing to render it

3

was filed two days after the expiration of the one-year statute of limitations for filing his § 2255 motion (Criminal Court Doc. 667). Consequently, the present action is untimely, absent the applicability of tolling.

## II. Tolling

### A. *Statutory Tolling*

Although there are certain circumstances which permit the application of statutory tolling – that is, commencement of the statute of limitations on a different date – Allen does not argue that any of these circumstances apply, nor does the record demonstrate that the statute of limitations should be calculated from any date other than the date that his judgment became final. *See* 28 U.S.C. § 2255(f)(2)-(4). Thus, statutory tolling is not warranted in this case.

### B. *Equitable Tolling*

Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal punctuation and citation omitted). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible *and* (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida,* 130 S.Ct. 2549

---

timely. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). However, that rule is inapplicable when the motion is filed by counsel. *See* Fed. R. Civ. P. 3; Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (prison mailbox rule is inapplicable to the mailing of habeas petitions to third parties who then mail it to the court for filing); *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (ruling that prison mailbox rule does not extend to prisoners represented by counsel); *Pearson v. Vaugh,* 984 F.Supp. 315 (E.D.Pa. 1997) (mailbox rule does not apply where prisoner mailed petition to his attorney for filing).

4

(2010).  "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson v. Simpson,* 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate, *see McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003).

Thus, to demonstrate in this case that he is entitled to equitable tolling, Allen must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing.  *Holland v. Florida,* 130 S.Ct. at 2562.[5]  The Supreme Court has explained that "[attorney] misconduct . . . [can] amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling."  *Id.* However, the Court has, by contrast, cautioned "that the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable negligent that causes an attorney to miss a deadline."  *Id.*  In other words, while routine instances of attorney negligence or misconduct are generally insufficient to justify equitable tolling of AEDPA's one-year statute of limitations, *see Lawrence v. Florida,* 549 U.S. 327 (2007) (attorney's miscalculation of statute of limitations deadline insufficient to warrant equitable tolling), more egregious misconduct by a post-conviction attorney – such as abandonment of the case by the attorney, counsel's material misrepresentations, or counsel's mental or physical incapacitation – may constitute an extraordinary circumstance that warrants equitable tolling of the statute of limitations, *see, e.g.*, *Holland,* 130 S.Ct. at 2564; *Robertson v. Simpson,* 624 F.3d 781 (6th Cir. 2010) (case

---

5 Although Allen uses the Sixth Circuit's five-factor inquiry to determine whether a habeas petition is entitled to equitable tolling, the Sixth Circuit has instructed that *Holland's* two-part test has replaced the five-factor inquiry explained in *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir. 2001), as the framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling. *Hall v. Warden, Lebanon Correctional Inst.,* 662 F.3d 745, 750 (6th Cir. 2011).  Therefore, Allen will be entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his § 2255 motion.  *Holland,* 130 S.C.t at 2562.

5

remanded to determine if attorney's drug use and misadvice affected petitioner's ability to filed a timely petition); *Nara v. Frank,* 264 F.3d 310, 320 (3rd Cir. 2001) (hearing required to determine if attorney's effective abandonment of client warranted equitable tolling).

The *Holland* Court specifically noted that counsel's failure to file Holland's petition on time and his unawareness of the date on which the limitations period expired, suggested simple negligence. It was only when the *Holland* Court considered the surrounding circumstances – i.e., counsel's failure to file a timely federal petition, despite Holland's numerous letters emphasizing the importance of timely filing his petition; counsel's apparent failure to do the research necessary to determine the proper filing date, despite the fact that Holland had identified the applicable legal rules; counsel's failure to timely notify Holland regarding the status of his state appeal, despite Holland's many inquiries requesting that information; counsel's failure to communicate with his client over a period of years, despite Holland's pleas for responses to his letters, and Holland's repeated requests that the state courts and Florida bar remove counsel from his case – that the Court concluded the case presented far more instances of attorney misconduct than a garden variety of excusable neglect. Even then, however, the Court did not rule that the facts constituted extraordinary circumstances sufficient to warrant equitable tolling; rather, the Court reversed the case and remanded it for further proceedings consistent with its' opinion.

Allen's argument for equitable tolling is not a model of clarity; however, as the Court understands it, he first asserts that he is entitled to equitable tolling because counsel did not realize until December 5, 2011 that Allen had failed to sign the motion.

6

Second, Allen appears to argue that he is entitled to equitable tolling because his counsel's paralegal thought the deadline for filing the motion was December 17, 2012.[6] (Criminal Court Doc. 128-2). Neither of these allegations, if true, constitutes an extraordinary circumstance meriting equitable tolling.

According to Allen's reply to the government's response to his § 2255 motion, he hired Attorney Darren Haley in July of 2011 to file a § 2255 motion on his behalf (Criminal Court Doc. 144). It was discovered on December 5, 2011 that Allen had not signed the form attesting to the veracity of the Motion, so counsel sent the form and a letter to Allen on that date. The pleading further reflects that "[c]ounsel was well aware the deadline for filing the § 2255 motion as being on or before December 14, 2011, but the paralegal for counsel had the filing date as December 17, 2012, which is reflected in a letter to the Clerk that was filed with the § 2255 motion and memorandum" (Criminal Court File No. 144, p. 5). Counsel filed Allen's § 2255 motion on December 15, 2011, and later re-filed the final page of the § 2255 motion – bearing Allen's signature in addition to that of counsel – on January 3, 2012.[7] (Criminal Court Doc. 133).

Here, Allen's case is distinguishable from *Holland*, as Allen's case contains no evidence or suggestion of grossly negligent, unethical conduct by his attorney. Allen's § 2255 motion was not filed by the deadline of December 13, 2011 because counsel

---

[6] Counsel also argues that equitable tolling should apply because Allen hired an attorney because he "is both untrained in the law and does not have a high school diploma or GED." (Doc. 44 at 5-6). Allen's reasons for hiring counsel are irrelevant to the Court's analysis of equitable tolling under current Supreme Court precedent. The Court also notes that a habeas petitioner's lack of education, training, or intellect will rarely – if ever – constitute an extraordinary circumstance warranting equitable tolling.

[7] The dates recorded on these various filings is somewhat perplexing and make the timeline of counsel's action even less clear. Allen's counsel dated the original § 2255 motion December 12, 2011 and mailed it December 14, 2011. The later filed supplement, however, was dated December 8, 2011 by Allen himself; December 10, 2011 was typed on the supplement, apparently by counsel. Nonetheless, the supplement was not filed with the Court until January 3, 2012 (Criminal Court Doc. 133).

miscalculated the filing deadline as December 14, 2011, and subsequently mailed the motion on that date. Counsel's error was based on his apparent confusion about the date the one-year statute of limitations expired for filing the instant § 2255 motion, the filing requirements, and the proper interpretation of the applicable Federal Rules of Civil Procedure and case law surrounding the AEDPA's limitations period. Counsel's confusion resulted in the § 2255 motion being filed on December 15, 2011 – two days after the expiration of the one-year statute of limitations for filing a timely § 2255 motion on Allen's behalf.

Under these circumstances, the Court cannot find that extraordinary circumstances prevented Allen from timely filing his § 2255 motion. Counsel's negligent conduct of miscalculating the deadline for filing Allen's § 2255 motion does not equate to the attorney's more egregious misconduct in *Holland*; instead, it is the very definition of "ordinary, garden variety negligence" or incompetence, which *Holland* held insufficient to warrant the extraordinary remedy of equitable tolling. Because Allen has not established he was unable to timely filed § 2255 motion due to extraordinary circumstances beyond his control, the Court need not address the diligent prong of the equitable tolling test.

Allen's § 2255 Motion was not filed within the one-year statute of limitations provided by the AEDPA. His counsel's miscalculation of the one-year statute of limitations for filing Allen's § 2255 motion is not an extraordinary circumstance warranting equitable tolling, this § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

## IV. CONCLUSION

For the reasons stated herein, Allen's motion brought under 28 U.S.C. § 2255 will be **DENIED** and **DISMISSED WITH PREJUDICE** on the ground that is it time-barred by the statute of limitations in 28 U.S.C. § 2255(f)(1).

A separate judgment will enter.

          */s/ Harry S. Mattice, Jr.*
          HARRY S. MATTICE, JR.
          UNITED STATES DISTRICT JUDGE